# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES HUBER,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 23-CV-0592 |
| MADELYN S. FUDEMAN, *et al.*,<br>    Defendants. | :<br>:<br>: |

## ORDER

AND NOW, this 8th day of March, 2023, upon consideration of Plaintiff James Huber's Motion to Proceed *In Forma Pauperis* (ECF No. 3), Prisoner Trust Fund Account Statement (ECF No. 4), and *pro se* Complaint (ECF No. 1), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. James Huber, # QA-8459, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Houtzdale or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Huber's inmate account; or (b) the average monthly balance in Huber's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent of SCI Houtzdale or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Huber's inmate trust fund account exceeds $10.00, the Superintendent of SCI Houtzdale or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Huber's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Houtzdale.

4. The Complaint is **DEEMED** filed.

5. For the reasons stated in the Court's Memorandum, all claims against Madelyn S. Fudeman, Theresa M. Johnson, and Jonathan Del Collo are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

6. The Clerk of Court is **DIRECTED** to terminate Madelyn S. Fudeman, Theresa M. Johnson, and Jonathan Del Collo as Defendants.

7. The official capacity claims against Defendants John T. Adams, Dennis Adams, Eric J. Weaknecht, and the *Monell* claim against the County of Berks are **DISMISSED WITHOUT PREJUDICE**.

8. The individual capacity claims pursuant to 42 U.S.C. § 1983 against Defendants Dennis Adams and Eric J. Weaknecht pass statutory screening.

9. The Clerk of Court is specially appointed to serve written waiver requests on Defendants Dennis Adams and Eric J. Weaknecht, pursuant to Federal Rule of Civil Procedure 4(d), to effect waiver of service by mailing the waiver request to them at the Berks County Courthouse, 633 Court Street, Reading, Pennsylvania, 19601.  The waiver of service requests shall be accompanied by a copy of the Complaint and shall inform the Defendants of the consequences of compliance and failure to comply with the requests.  The requests shall allow the Defendants at least 30 days from the date they are sent (60 days if addressed outside any judicial district of the United States) to return the signed waivers.  If a signed waiver is not returned within the time limit given, the Clerk of Court shall issue summonses and transmit the summonses and a copy of the Complaint to the U.S. Marshals Service for immediate service.

10. All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be made by mail. Proof that service has been made is provided by a certificate of service. The certificate of service should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).
>
> _____
>   (Signature)"

Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules are to be followed. Huber is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal.

8. Huber is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Huber shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

9. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court.

10. In the event a summons is returned unexecuted, it is Huber's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendant's correct address, so service can be made.

11. The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**