IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES HUBER,                                 : | |
|        Plaintiff,         : | |
|                  : | |
| v.                                       : | Civil No. 5:23-cv-00592-JMG |
|                  : | |
| MADELYN S. FUDEMAN, *et al.*,      : | |
|        Defendants.      : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                   October 24, 2023

      Plaintiff, James Huber, filed a *pro se* complaint alleging violations of his constitutional rights under 42 U.S.C. §§ 1983, 1985, and 1986. Plaintiff alleges his First, Fourth, and Fourteenth Amendment rights were violated. Further, Plaintiff brings Pennsylvania state law civil tort claims of Breach of Duty, Negligence, Willful Misconduct, Intentional Fraud, Wrongful Imprisonment, Intentional Infliction of Emotional Distress, and Concerted Tortious Action. In March 2023, this Court dismissed all claims asserted against Defendants, Judge Madelyn S. Fudeman, Judge Theresa M. Johnson, Prothonotary Jonathan Del Collo, and District Attorney John T. Adams. Additionally, the official capacity claims against Defendants, Treasurer Dennis Adams and Sheriff Eric J. Weaknecht, were dismissed without prejudice. The individual capacity claims against Adams and Weaknecht were served for a responsive pleading.

      Now before the Court is a Motion to Dismiss for Failure to State a Claim filed by Defendants, Adams and Weaknecht. For the following reasons, the Court grants the Motion in part and declines supplemental jurisdiction for the remaining state law claims.

I.      **FACTUAL ALLEGATIONS**[1]

Mr. Huber alleges constitutional violations and state law claims arising from a failure to disburse the proceeds of a Sheriff's sale. Specifically, he asserts that on January 18, 2022, he received a Notice of Sheriff's Sale for property he owned in Bernville, Pennsylvania, advising him the property would be sold at public auction because the mortgage loan on the property was delinquent. Compl., ECF No. 1 at 7. The sale was conducted on April 8, 2022 by Defendant Sheriff Weaknecht, but Mr. Huber received no notification from Weaknecht, the Court of Common Pleas or any other Berks County official regarding the result of the sale until November 14, 2022. *Id*. at 7-8. On that day, he received a letter from a private asset recovery company telling Mr. Huber that an amount of $34,721.46 was collected from the sale in excess of the judgment owed by Mr. Huber to the bank holding the mortgage, which amount was due back to him. *Id*. at 8.

On December 1, 2022, Mr. Huber submitted to Berks County Prothonotary a Petition for Release and Remittance of Monetary Proceeds for filing with the Court of Common Pleas. *Id*. His pleading, however, was returned to him with a notice that he had to pay an $8 filing fee in order to have the pleading filed with the Court. *Id*. He resubmitted the pleading with an application to proceed *in forma pauperis*, but thereafter received no notification from either the Court or the Prothonotary. *Id*. at 8-9. A loan foreclosure proceeding led to the Sheriff's sale. *Id*. at 9. Mr. Huber alleges that he has sent letters to Defendants Sheriff Weaknecht and Treasurer Adams, but neither have responded to him.[2]

---

[1] The factual allegations are taken from Mr. Huber's Complaint (ECF No. 1.) The Court adopts the pagination supplied by the CM/ECF docketing system.
[2] Attached to the Complaint is the Notice of Sheriff's Sale (Compl. at 21-24), the November 14, 2022 letter advising Mr. Huber of the excess proceeds (*id*. at 26), the petition Mr. Huber filed for release of the proceeds (*id*. at 31-36), the notice sent to Mr. Huber demanding he pay the filing

On or about May 5, 2022, Sheriff Weaknecht filed with the Berks County Court of Common Pleas a proposed distribution for the sale of the proceeds, and an amended proposed distribution on or about May 19, 2022. Def. Motion to Dismiss, ECF No. 17, Ex. 3. No objections were filed for either proposal. *Id.*; *See*, Berks County Dockets, ECF No. 17, Ex 1.

Defendant is currently serving a criminal sentence in SCI Houtzdale. *See Commonwealth v. Huber*, CP-06-CR-0002794-2017 (C.P. Berks). He alleges that the release of $34,721.46 of excess proceeds "is of critical importance to Plaintiff in order for him to be able to retain private counsel to assist him in advancing the claims alleged in his federal habeas corpus petition." *Id*. at 10-11. He further alleges that a conspiracy exists between Defendants to deprive him of these funds to prevent him from retaining private counsel. *Id*. at 12. Defendant Treasurer Adams is allegedly the custodian of the funds. *Id*. at 11.

Mr. Huber asserts he is lawfully entitled to the excess proceeds and that the Defendants' refusal to release the money violates his First, Fourth, and Fourteenth Amendment rights. *Id*. at 11-12. He also asserts state law claims for Breach of Duty, Negligence, Willful Misconduct, Intentional Fraud, Wrongful Imprisonment, Intentional Infliction of Emotional Distress, and Concerted Tortious Action. *Id*. He seeks injunctive relief in the form of an order directing the Defendants to release the funds, and compensatory and punitive damages. *Id*. at 13.

## II.   STANDARD OF REVIEW

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff

---

fee (*id*. at 37), Mr. Huber's request to proceed *in forma pauperis* (*id*. at 38-39), and correspondence he sent to Sheriff Weaknecht and Treasurer Adams *id*. at 43-48.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing, *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing, *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 Fed. Appx. 147, 149 (3d. Cir. 2016) (quoting, *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [the] complaint, liberally construed, . . . contains facts sufficient to state a plausible claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Mr. Huber is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

#### A. Fourteenth Amendment Right to Procedural Due Process

Defendants move to dismiss Plaintiff's Fourteenth Amendment Procedural Due Process claims for failure to state a claim. The Court agrees, and the claims are dismissed with prejudice.

For a Plaintiff to adequately state a procedural due process claim under the Fourteenth Amendment, they must show (1) a legally protected interest in the property encompassed within the Fourteenth Amendment; and (2) the state deprived him of that interest without due process of law. *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3rd Cir. 2006). If there are adequate processes available to protect a plaintiff's property interest, they must exhaust those processes

instead of bringing a Fourteenth Amendment claim. *Alvin v. Suzuki*, 227 F.3d 107, 116 (3rd Cir. 2000) ("A state cannot be held to have violated due process requirements when it has made procedural protections available, and the plaintiff has simply refused to avail himself of them").

In Pennsylvania, Rule 3136 governs the distribution of proceeds from a sheriff's sale. Pa.R.Civ.P. 3136. This rule details the Sherriff's duties and provides that he or she must prepare a schedule of proposed distribution with the prothonotary's office within thirty days of sale of real property and five days of personal property. *Id.* The Sherriff must then distribute the proceeds of sale in accordance with the proposed schedule of distribution, unless there is an objection made within 10 days of the filing of the proposed schedule. *Id.* The Sherriff has no obligation to notify the parties that a schedule has been prepared. *Id.* (*explanatory comment*). Instead, the parties must monitor the docket and ensure that they file their objections in time. *Id.* If the sheriff's proposed distribution is not objected to via the procedural remedies available, the contester waives such challenges. *Keller v. Bank of N.Y. Mellon*, 212 A.3d 52, 56 (Pa. Super. 2019).[3]

Here, Plaintiff did not avail himself of the process available to him under Pa.R.C.P. 3136, as no objections were made to the sheriff's distribution schedule. While Plaintiff may have been unaware of his ability and right to do so, the sheriff was not obligated to inform Plaintiff. Since the 10-day time limit to file has passed, this claim is dismissed with prejudice.

B. **Fourteenth Amendment Equal Protection**

---

[3] *See also*, 2 Pa. Cons. Stat. § 752 ("Any person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)").

Defendants move for any equal protection claims to be dismissed because Plaintiff fails to adequately plead purposeful discrimination or identify a similarly situated class. The Court agrees and dismisses these claims without prejudice.

The Equal Protection Clause of the 14th Amendment to the United States Constitution provides that no State may deny to any person the equal protection of the laws. U.S. Const., Amendment XIV. This clause emphasizes and prohibits disparity in treatment by the State "between classes of individuals whose situations are arguably indistinguishable." *Ross v. Moffitt*, 417 U.S. 600, 609 (1974).

Here, Plaintiff does not allege he is part of a class of individuals who were treated differently than another similarly situated class. Therefore, a plausible equal protection claim has not been pled. This claim is dismissed without prejudice.

### C.     Fourth Amendment

Defendants move for any Fourth Amendment claims to be dismissed for failure to state a claim. The Court agrees.

The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const., Amendment IV. Here, Plaintiff does not claim that his house should not have been foreclosed upon. Instead, he disputes whether the Defendants are and should still be in possession of the remaining proceeds. As discussed above, the proceeds were properly distributed via the sheriff's proposed distribution sale. Therefore, the complaint does not raise an unconstitutional seizure claim or adequately plead a Fourth Amendment violation. These claims are dismissed without prejudice.

### D.     First Amendment

Defendants move for any First Amendment claims to be dismissed for failure to state a claim. The Court agrees.

The First Amendment protects the free exercise of religion, freedom of speech, freedom of press, the right to peaceably assemble, and the right to petition the Government to redress of grievances. U.S. Const., Amendment I. Even construed liberally, the complaint does not contain allegations that reference the First Amendment. Additionally, Plaintiff does not address these claims in his Response in Opposition to the Motion to Dismiss. Therefore, these claims are dismissed without prejudice.

### E. Conspiracy Claims

Plaintiff asserts Defendants acted "in concert to deprive him of the monetary proceeds at issue in the instant cause of action." Defendants move for these counts to be dismissed, because Plaintiff fails to plead a civil rights violation or adequately establish a conspiracy. We agree.

§ 1985(3) provides that if two or more persons conspire to deprive another of the equal protections of the law, the injured party may recover damages. Here, as discussed above, Plaintiff does not adequately allege any constitutional violations. While Plaintiff alleges he was deprived of his property right to the excess proceeds, he failed to object to the sheriff's proposed distribution. Further, he does not adequately allege Equal Protection claims, Fourth Amendment claims, or First Amendment claims. Therefore, the conspiracy claims in the complaint are dismissed without prejudice.[4]

### F. State Law Claims

---

[4] Plaintiff also lists 42 U.S.C.S. § 1986 as a claim in his complaint. § 1986 also requires the completion of a "wrongful act." The complaint does not plausibly allege any wrongful action on the part of Defendants.

In addition to the constitutional claims, Plaintiff brings state law tort claims of Breach of Duty, Negligence, Willful Misconduct, Intentional Fraud, Wrongful Imprisonment, Intentional Infliction of Emotional Distress, and Concerted Tortious Action. Under 28 U.S.C.S. § 1367, a federal district court is permitted to exercise jurisdiction over claims not otherwise within their adjudicative authority when "those claims are so related to claims within federal-court competence that they form part of the same case or controversy." *Artis v. District of Columbia*, 583 U.S. 71, 74 (2018). When district courts dismiss all federal claims, they ordinarily dismiss the related state law claims as well. *Id.*

Because the §§ 1983, 1985, and 1986 claims are being dismissed and due to the early stage of the proceedings, this Court will not exercise supplemental jurisdiction over the state law claims. *See Gagliardi v. Fisher*, 513 F. Supp. 2d 457, 463 (W.D. Pa. 2007) (declining supplemental jurisdiction after dismissing the federal question claims for failure to state a claim). The state-law claims are therefore not addressed on their merits herein.[5]

### G. Mr. Huber is granted leave to amend.

As to any Defendants and/or claims that were not dismissed with prejudice, Mr. Huber may file an amended complaint to attempt to cure the deficiencies discussed herein. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002) (holding that in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment, a court should grant a plaintiff leave to amend). The amended complaint may not contain conclusory allegations; rather, it must establish the existence of specific actions by each defendant which have resulted in constitutional deprivations. The amended complaint shall not

---

[5] Although the state-law claims are not given a merits review, they appear to be insufficient due to the Complaint's lack of factual support.

refer collectively to "Defendants," but must specifically state which named Defendants undertook what actions. The amended complaint must contain a short and plain statement of each claim that provides sufficient notice to each Defendant of the allegations against each. In addition to addressing the deficiencies identified herein regarding the federal claim, Mr. Huber is advised to consider the required elements for each state-law cause of action and to include any necessary amendments to the state law claims as well. In the event Mr. Huber elects not to amend his federal claims and, instead, proceed only on his state law claims in state court, he is advised that the period of limitations for these claims was tolled during the pendency of this action and "for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.").

## IV.     CONCLUSION

Based on the foregoing, all claims alleged under the Fourteenth Amendment Due Process Clause are dismissed with prejudice for failure to exhaust administrative remedies. All claims alleged under the Fourteenth Amendment Equal Protection Clause, the Fourth Amendment, the First Amendment, and 42 U.S.C. §§ 1985 and 1986 are dismissed without prejudice for failure to state a claim. Supplemental jurisdiction over the state-law claims is declined and they have not been reviewed on their merits. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge